**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
Connor C. Boehme (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL QUIERO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLOVIN CORPORATION, ADAM FOROUGHI, and MATTHEW STUMPF,<br><br>Defendants. | Case No. 4:25-cv-02294-HSG<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF WAYNE COUNTY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>**Date:** June 12, 2025<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2 – 4th Floor<br>**Judge:** Haywood S. Gilliam, Jr. |
| BEN BROWNBACK, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLOVIN CORPORATION, ADAM FOROUGHI, HERALD CHEN, And MATTHEW STUMPF,<br><br>Defendants. | Case No. 3:25-cv-02772-EKL<br><br><br><br>**Date:** July 2, 2025<br>**Time:** 10:00 a.m.<br>**Courtroom:** 7 – 4th Floor<br>**Judge:** Eumi K. Lee |

WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

APPLOVIN CORPORATION, ADAM FOROUGHI, HERALD CHEN, and MATTHEW STUMPF,

Defendants.

Case No. 3:25-cv-03438-JD

**Date:** June 12, 2025
**Time:** 10:00 a.m.
**Courtroom:** 11 – 19th Floor
**Judge:** James Donato

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

*NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF ISSUES .................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 2

I.      PRELIMINARY STATEMENT ................................................................................. 2

II.     SUMMARY OF THE RELATED ACTIONS .................................................... 4

III.    ARGUMENT ............................................................................................................ 5

        A.      The Related Actions Should Be Consolidated ........................................... 5

        B.      Wayne County Is The "Most Adequate Plaintiff" .................................... 5

                1.      The PSLRA Standard for Appointing Lead Plaintiff ................................. 5

                2.      Wayne County's Motion Is Timely ............................................... 6

                3.      Wayne County Has the Largest Financial Interest in the
                        Outcome of the Action ................................................................... 7

                4.      Wayne County Satisfies Rule 23's Typicality and
                        Adequacy Requirements ................................................................ 7

                        (a)     Wayne County's Claims Are Typical of Those of the Class ......... 7

                        (b)     Wayne County Will Fairly and Adequately Protect the
                                Interests of the Class ......................................................... 8

                        (c)     Wayne County Is Precisely the Type of Lead Plaintiff
                                Envisioned by the PSLRA ................................................ 8

        C.      The Court Should Approve Wayne County's Choice of Counsel ....................... 9

CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*,
2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ...............................................................................2

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ............................................................................................5, 9

*In re Cohen v. U. S. Dist. Ct.*,
586 F.3d 703 (9th Cir. 2009) .................................................................................................9

*In re Extreme Networks Inc. Sec. Litig.*,
2016 WL 3519283 (N.D. Cal. June 28, 2016) .......................................................................7

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
2018 WL 1388488 (N.D. Cal. Mar. 16, 2018).......................................................................5

*Haideri v. Jumei Int'l Holding Ltd.*,
2020 WL 5291872 (N.D. Cal. Sept. 4, 2020) ........................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) .............................................................................7, 8

*Lloyd v. CVB Fin. Corp.*,
2011 WL 13128303 (C.D. Cal. Jan. 21, 2011) ......................................................................7

**Rules & Statutes**

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

Fed. R. Civ. P. 42 ....................................................................................................... 2, 5, 10

15 U.S.C. § 78u-4, *et seq.* ............................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-8141 (S.D.N.Y.).............................................................................................9, 10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-1963 (S.D.N.Y.) .................................................................................................10

*In re Broadcom Corp. Class Action Litig.*,
No. 06-cv-05036 (C.D. Cal.) ...............................................................................................10

*Ciarciello v. Bioventus Inc.*,
No. 23-cv-00032 (M.D.N.C.)..................................................................................................9

*In re Countrywide Fin. Corp. Sec. Litig.*,
No. 07-cv-5295 (C.D. Cal.) .................................................................................................10

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 4:25-cv-02294-HSG; 3:25-cv-02772-EKL; 3:25-cv-03438-JD

ii

*In re Mercury Interactive Corp. Sec. Litig.*,
   No. 05-cv-3395 (N.D. Cal.) ...............................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..............................8, 9

## *NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Wayne County Employees' Retirement System ("Wayne County") by and through its counsel, hereby moves this Court in Courtroom 2 – 4th Floor of the Honorable Haywood S. Gilliam, Jr. at the United States District Court, Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, on June 12, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (i) consolidating the above-captioned actions (the "Actions") (ii) appointing Wayne County as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (iii) approving Wayne County's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel for the Class (the "Motion"); and (iv) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Wayne County believes it is the "most adequate plaintiff" under the PSLRA and are therefore entitled to be appointed Lead Plaintiff. Specifically, Wayne County believes it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximately $152,158 in losses as calculated under a last-in, first-out ("LIFO") basis, that it incurred on its investments in the securities of AppLovin Corporation ("AppLovin" or the "Company). Wayne County also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class. Moreover, Wayne County is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation and prior experience successfully serving as a court-appointed PSLRA lead plaintiff, which will ensure its effective monitoring and supervision of counsel.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Lucas E. Gilmore (the "Gilmore

Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Wayne County respectfully requests that the Court enter an Order: (i) consolidating the Actions pursuant to Rule 42 of the Federal Rules of Civil Procedure (ii) appointing Wayne County as Lead Plaintiff in the Action pursuant to the PSLRA; (iii) approving its selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iv) granting any such further relief as the Court deems just and proper.

**STATEMENT OF ISSUES**

1.      Whether the Court should appoint Wayne County as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and

2.      Whether the Court should approve Wayne County's selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT**

Presently pending before the Court are the above-captioned actions brought on behalf of all persons or entities that purchased or otherwise acquired AppLovin securities between May 10, 2023, and March 26, 2025, inclusive (the "Class Period"), who were damaged thereby (the "Class"). The Class Period as defined herein is the longest class period alleged in the Actions. *See, e.g.*, *In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members'") (citation omitted). The Actions, which have been brought against AppLovin and certain of the Company's current and/or former senior executives and members of its Board of Directors (collectively, "Defendants"), allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, promulgated thereunder.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the "person or group of persons" that has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Wayne County is the "most adequate plaintiff" by virtue of, among other things, the approximately $152,158 in losses, as calculated under a LIFO basis, that it incurred on its purchases of AppLovin during the Class Period asserted in the Action. A Copy of the PSLRA-required Certification of Wayne County is attached as Exhibit A to the accompanying Gilmore Decl., which set forth all transactions for Wayne County in AppLovin securities during the relevant period. In addition, a chart reflecting the calculation of Wayne County's loss as a result of its transactions in AppLovin securities is attached as Exhibit B to the Gilmore Decl. *See* Gilmore Decl., Exs. A & B. In light of this significant loss, Wayne County has a substantial financial interest in the relief sought by this litigation—an interest it believes to be greater than that of any competing movant.

In addition to asserting the largest financial interest, Wayne County readily satisfied the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Wayne County is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial interest in the litigation and has experience supervising the work of outside counsel in complex litigation. Accordingly, Wayne County has both the incentive and ability to supervise and monitor counsel. Wayne County has also demonstrated its adequacy through the selection of Labaton as proposed Lead Counsel on behalf of the Class. Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale. Based on Wayne County's significant financial interest in the outcome of this Action, and its ability to oversee the prosecution of the litigation, Wayne County respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 4:25-cv-02294-HSG; 3:25-cv-02772-EKL; 3:25-cv-03438-JD

3

## II.    SUMMARY OF THE RELATED ACTIONS

This is a federal class action on behalf of a class of all persons and entities who purchased or otherwise acquired AppLovin stock between May 10, 2023, and March 26, 2025, inclusive, seeking to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act. AppLovin is a technology company that helps developers to market, monetize, analyze, and publish their mobile apps through the Company's digital advertising, marketing, and analytics platforms. Throughout the Class Period, AppLovin assured investors that third-party platforms' implementation of increased privacy controls had not significantly impacted its business. AppLovin also attributed its use of artificial intelligence ("AI") as a key driver of revenue growth and a strategic differentiator in its advertising business. The Related Actions allege that, during the Class Period, Defendants misled investors by: (1) failing to disclose that AppLovin's revenue and profit growth were unsustainable because of the Company's systematic exploitation of fraudulent advertising practices, including click spoofing and the use of a backdoor installation scheme to force unwanted apps on customers; (2) disclosing risks related to AppLovin's breach of terms of service with third-party platforms that were materially false and misleading because they characterized adverse facts that had already materialized as mere possibilities; (3) falsely attributing AppLovin's growth in revenue to the Company's enhanced AXON 2.0 digital ad platform and the use of "cutting-edge AI technologies" to more efficiently match advertisements to mobile games; and (4) as a result of the foregoing, making public statements about the Company's business, operations, and prospects that were materially false and misleading.

On February 26, 2025, investors began to learn the truth when Culper Research and Fuzzy Panda Research published reports alleging several issues with AppLovin's practices. On this news, AppLovin's stock price fell by 12.2 percent, dropping from $377.06 to $331.00 per share on February 26, 2025. Then, on March 26, 2025, Muddy Waters Research published a report with similar allegations. On this news, AppLovin's stock price plummeted 20.1 percent, dropping from $327.62 to $261.70 per share on March 27, 2025. As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, Wayne County and the Class have suffered significant damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).  "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'"  *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted).  Consolidation of the related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  Each of the Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act arising from the public dissemination of false and misleading information to investors.  Accordingly, the Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B.    Wayne County Is The "Most Adequate Plaintiff"

Wayne County respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  As set forth below, Wayne County believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C.

§ 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).  Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2.      Wayne County's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On March 5, 2025, counsel for plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely circulated, national, business-oriented news reporting service.  *See* Gilmore Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within 60 days after publication of the notice, *i.e.*, on or before May 5, 2025.  The notices published by plaintiffs in the subsequently filed actions, including Wayne

County, confirm this deadline. *Id.* Wayne County filed its motion within the required period and has thus satisfied the procedural requirements of the PSLRA.

### 3. Wayne County Has the Largest Financial Interest in the Outcome of the Action

Wayne County should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the Class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Wayne County suffered LIFO losses of approximately $152,158 on its relevant transactions in AppLovin securities during the Class Period. *See* Gilmore Decl., Exs. A & B. To the best of Wayne County's knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, Wayne County has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

### 4. Wayne County Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, Wayne County satisfies the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant "need only make a *prima facie* showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (citation omitted). Here, Wayne County unquestionably satisfies the typicality and adequacy requirements.

#### (a) Wayne County's Claims Are Typical of Those of the Class

"The putative lead plaintiff satisfies the typicality requirement when it has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Extreme Networks Inc. Sec. Litig.*, 2016 WL 3519283, at *3 (N.D. Cal. June 28, 2016) (citation omitted). The claims need not be "substantially identical" to support a finding of typicality. *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted). Here, the claims that Wayne County asserts are typical of the claims of the other members of the putative

Class because, like all other Class members, Wayne County: (i) purchased or otherwise acquired AppLovin securities during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (iii) suffered damages as a result. Thus, Wayne County satisfies the typicality requirement of Rule 23.

(b)   <b>Wayne County Will Fairly and Adequately Protect the Interests of the Class</b>

Wayne County will fairly and adequately represent the interests of the proposed Class. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The thrust of the adequacy inquiry is: "whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted). Here, no antagonism exists between Wayne County's interests and those of the absent Class members; rather, the interests of Wayne County and Class members are squarely aligned. In addition, Wayne County has demonstrated its adequacy through its selection of Labaton as Lead Counsel to represent the Class in this Action. As discussed more fully herein, Labaton is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted this Motion to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, Wayne County satisfies the adequacy requirement.

(c)   <b>Wayne County Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA</b>

In addition to satisfying the requirements of Rule 23, Wayne County—a single, experienced, sophisticated institutional investor—is precisely the type of investor Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that

increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34-35 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g., Haideri v. Jumei Int'l Holding Ltd.*, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) ("[T]he adequacy of [movant] as a lead plaintiff is supported by the fact that it is an institutional investor"). Wayne County in particular is ideally situated for Lead Plaintiff appointment because it has significant experience serving as Lead Plaintiff in other cases under the PSLRA. *See, e.g., Ciarciello v. Bioventus Inc.*, No. 23-cv-00032 (M.D.N.C.) (resulting in a favorable $15.25 million settlement for the class); Moreover, Wanye County has already taken action to protect the Class by filing one of the Action to protect its own claims and the claims of other Class members. Accordingly, Wayne County has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

### C.    The Court Should Approve Wayne County's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U. S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009); *see also Cavanaugh*, 306 F.3d at 734.

Wayne County has selected Labaton, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton served as a lead counsel in *In re American*

---

*International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Labaton Firm Resume, Gilmore Decl., Ex. D.  Hagens Berman is well qualified to represent the Class as Liaison Counsel.  Hagens Berman maintains an office in Berkeley, California, and is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases.  *See* Gilmore Decl., Ex. E.  Thus, the firm is well qualified to represent the Class as Liaison Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court").  Thus, the Court may be assured that by granting this motion and approving Wayne County's selection of counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Wayne County respectfully requests that the Court: (i) consolidate the above-captioned actions pursuant to Rule 42 of the Federal Rules of Civil Procedure; (ii) appoint Wayne County as Lead Plaintiff; (iii) approve the selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

DATED: May 5, 2025                        Respectfully submitted,

**HAGENS BERMAN SOBOL
SHAPIRO LLP**

*/s/ Lucas E. Gilmore*

Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
Connor C. Boehme (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 4:25-cv-02294-HSG; 3:25-cv-02772-EKL; 3:25-cv-03438-JD

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore